## The County of Hancock *versus* The Eastern River Lock and Sluice Company.

The adjudication of one fishwarden of the insufficiency of a sluiceway, and of the proper dimensions for one is not valid, " except in case of a refusal or neglect of the Court of County Commissioners to appoint, or of the fishwarden by them appointed to discharge the duties prescribed by St. 1835, c. 194, § 5.

The special law of 1836, c. 181, § 1, does not alter the law in this respect.

Where, by the provisions of a statute, two are required to act, except in certain cases, the law does not presume, that the case contemplated by the exception exists, but the contrary.

This was an action of debt founded upon a statute of this State, passed March 24, 1835, entitled " an act for the preservation of the salmon, shad and alewive fisheries, in the Penobscot river, &c. ;" and also upon an act additional to said act passed March 30, 1836.

The plaintiffs to sustain their action introduced evidence of the qualification of James Stubbs as fishwarden for the county of Hancock, for the year 1836.    It was admitted on the part of the defendants that they were the owners of the dam across said stream, and that alewives were used to pass up said Eastern river into the pond above, prior to the erection of said

dam. The plaintiffs proved that salmon and shad had been taken above the dam. They then called said Stubbs, who testified, that on the 17th of May, 1836, he examined said dam and found there was no sufficient fishway for the passage of the fish, by or through said dam, and that on the same day he gave notice in writing to Joseph R. Folsom, the agent of the defendant, that there was no sufficient fishway, and what was required to make a sufficient passage or sluiceway, and gave them ten days in which to make one. He further testified that no sufficient fishway was made within the time allowed, nor up to the 10th of July, and that said Folsom said they should not make any.

EMERY J. who tried the cause, instructed the jury that the opinion of the fishwarden was made by the statute, conclusive evidence, and that if they believed his testimony they would find for the plaintiffs, for the number of days they claimed, such daily sum not less than five dollars nor more than thirty dollars, as in their opinion would be right.

The jury returned a verdict for the plaintiffs which is to stand if the Court should be of opinion, that upon the evidence, the plaintiffs made out a case; otherwise, the verdict to be set aside and a new trial granted.

*W. Abbott,* for the defendants. The examination of the fishway was made by but one warden, Stubbs. He could not legally make it alone. No evidence of neglect on the part of the other wardens to perform their duty is shown.

One warden cannot act unless it be shown that no others were appointed, or that being appointed they refused to act. This must be shown affirmatively. *Stoughton* v. *Baker & al.* 4 Mass. R. 530; *Stephenson* v. *Gooch*, 7 Greenl. 154.

*J. A. Poor,* for the plaintiffs. The St. of 1836, Spec. Laws c. 181, § 1, authorizes a suit by one fishwarden or more. The object of this act was to enable the wardens to act with the least possible delay. The action of one is to be presumed as right till the contrary is shown.

The opinion of the Court was by

SHEPLEY J. — The act of 1835, c. 194, § 5, provides for the appointment of a fishwarden by the commissioners for the counties of Hancock, Penobscot, and Waldo. And that "it shall be the duty of such fishwardens, or any two of them jointly [or in case of refusal or neglect of such court to appoint, or of any fishwarden by them appointed to discharge the duties assigned by this act] of any one of them as soon as may be after the tenth day of May, annually to examine, if there be sufficient passage or fishways." And the fishwarden or wardens, who may be entitled to act, are required to give the notice. By this act the duties cannot be performed by one warden unless there be a neglect by others either to appoint or to perform the duty. The additional act of 1836, published with the Special Laws, c. 181, § 1, makes "all persons required by the provisions of the act to which this is additional to open and construct good and sufficient passage ways for fish," liable to a penalty for refusing or neglecting to comply with the order, "after being duly notified by any one or more of the county fishwardens appointed agreeably to the provisions of the act, to which this is additional."

The design probably was, that the notice should be given by "any one or more" as one or more of them should be entitled to act by the provisions of the act of 1835. If however it should be regarded as authorizing one to give the notice in all cases, it does not authorize one in all cases to perform the important duty of judging of the sufficiency, and of prescribing the dimensions of the fishways. On the contrary it imposes the penalty only on those, who neglect or refuse to open passage ways being required to do so "by the provisions of an act to which this is additional."

The case does not shew, that the commissioners in the other counties neglected to appoint wardens; or that the wardens neglected their duties.

The counsel for the plaintiffs contends, that it is to be presumed, that the warden acted correctly, and that no others were appointed. Where two are required to act except in

certain cases, the law does not presume, that the case contemplated by the exception exists, but the contrary. And the facts authorizing the warden to act in a case within the exception must be proved, before the duty is shewn to have been legally imposed. To enable the plaintiffs to recover, they should have proved, that one was authorized within the exception in the act to perform the duty.

*Verdict set aside and new trial granted.*